*661 OPINION.
Van Fossan:
Respondent has apparently abandoned his contention that petitioner was merely a reorganization of the W. M. James Company and makes no mention thereof in his brief. The evidence demonstrates that at least 33y3 per cent of the stock of petitioner was held by persons who were neither stockholders of the W. M. James Company nor had transferred assets to petitioner. Petitioner was not a reorganization within the definition found in the statutes. The fair market value of the assets acquired by petitioner in December, 1919, is the proper basis for computation of depreciation and exhaustion.
The principal issue of the case is the value of the leaseholds acquired by petitioner on organization. In the findings of fact we have found and recorded the proper values of these several leaseholds. We have also indicated the applicable rates of depreciation. The allowances will be computed accordingly.
The evidence was not sufficient to establish a leasehold value for the Ada Meade Theatre property in excess of that allowed by respondent. This value was based on the cost of the lease to James, plus additions. Though the Ada Meade property was transferred to the petitioner in 1919 at a designated value of $100,000, such valuation being based on an appraisal made by real estate brokers of Columbus from book records and “ general knowledge of successful theatre operations in growing cities,” the testimony adduced at the hearing was insufficient to sustain this value or any figure of value in excess of that used by respondent. We will not disturb the finding of the respondent as to this leasehold.
The third issue is disposed of by our finding in relation to the value of the Ada Meade leasehold. The respondent has assigned a value of $26,340.19 to the leasehold, and, after deducting depreciation, has arrived at the sum of $14,706,33 as the loss allowable under *662 section 204. The petitioner has failed to sustain its allegation of error in respect to this item.
The Board has no jurisdiction of the year 1923, as to which respondent determined an overassessment. Cornelius Cotton Mills, 4 B. T. A. 255.

Judgment will be entered under Rule 60.